UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SALMERON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | Case No. 1:21-cv-00413-BAM<br><br>**ORDER REGARDING SOCIAL SECURITY COMPLAINT** (Doc. 22) |

**INTRODUCTION**

Plaintiff Elizabeth Salmeron ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Docs. 14, 28, 29.)

1

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court will deny Plaintiff's appeal and affirm the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for supplemental security income on February 1, 2017. AR 188-96.[3] Plaintiff alleged that she became disabled on March 8, 2008, due to assault, panic attacks, bad discs, severe depression, bipolar disorder, lupus, and a sleep disturbance. AR 217-18. Plaintiff's application was denied initially and on reconsideration. AR 105-09, 115-19. Subsequently, Plaintiff requested a hearing before an ALJ. Following the hearing, ALJ Lynn Ginsberg issued an order denying benefits on June 2, 2020. AR 17-30, 36-66. Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied, making ALJ's decision the Commissioner's final decision. AR 6-10. This appeal followed.

### Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 20-30. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 31, 2017, the protective application date. AR 22. The ALJ identified the following severe impairments: panic attacks, depression, anxiety, bipolar disorder, sleep apnea with CPAP use, and asthma. AR 22-23. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 23-24.

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, except that she could lift and carry no more than fifty pounds occasionally and twenty pounds or less frequently.  She could stand and walk for about six hours in an eight-hour workday, but she had sitting limitations.  She could occasionally climb ladders, ropes, or scaffolds and could frequently climb ramps or stairs, stoop, and crouch.  She could have frequent exposure to environmental irritants such as fumes, odors, dust, and gases and frequent exposure to poorly ventilated areas.  She could not have exposure to unprotected heights, but could frequently operate a motor vehicle.  She could understand, remember, and carry out simple instructions that could be learned in up to and including 30 days of on-the-job training.  She could keep a sufficient pace to complete tasks and quotas typically found in unskilled work.  She was limited to generally goal oriented work and not time sensitive strict production quota work.  She could have superficial and no direct interaction with the public.  She could have occasional work-related, non-personal, non-social interactions with coworkers and supervisors involving no more than a brief exchange of information or handoff of product.  She could adapt to occasional changes in the workplace.  AR 25-28.  With this RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, such as laundry worker, laundry folder, and housekeeping/cleaner.  AR 28-29.  The ALJ therefore concluded that Plaintiff had not been under a disability since January 31, 2017.  AR 29.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the

3

evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[4]

Plaintiff argues that the ALJ committed two main errors: (1) rejecting the opinion of Dr. M. Daisy Ilano; and (2) failing to incorporate limitations from Dr. Michael J. Moss and Dr. Megan Stafford, despite finding their opinions persuasive. (Doc. 22 at p. 1.)

**A. Evaluation of Medical Opinion of Dr. Ilano**

Plaintiff first argues that the ALJ erred in rejecting the opinion of Dr. Ilano, her treating physician, without addressing the factors of consistency and supportability as required by the new rules regarding the evaluation of medical evidence. (Doc. 22 at p. 8.)

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

Under the new regulations, applicable to claims filed on or after March 27, 2017, the Commissioner does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a). The Commissioner evaluates the persuasiveness of the medical opinions based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency are the most important factors. 20 C.F.R. § 416.920c(b)(2). "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (internal citations omitted).

Plaintiff filed her application for supplemental security income on February 1, 2017, with a protective filing date of January 31, 2017. AR 20, 188-96. As a result, the regulations applicable to benefits applications filed on or after March 27, 2017, do not apply. *See* 20 C.F.R. § 416.927 (evaluation of opinion evidence for claims filed before March 27, 2017); 20 C.F.R. § 416.920c (evaluation of medical opinions for claims filed on or after March 27, 2017). The ALJ therefore was not required to assess the supportability and consistency factors in evaluating the persuasiveness of Dr. Ilano's opinion.

Under the rules applicable to the claims here, the Ninth Circuit has identified three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester,* 81 F.3d at 830. If contradicted, the opinion of a treating or examining physician can only be rejected for "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31. The opinion of a nonexamining physician alone is not

substantial evidence that justifies the rejection of the opinion of either a treating or examining physician. *Id.* at 831.

Dr. Ilano's Opinion

On November 28, 2019, Dr. Ilano completed a Mental Residual Functional Capacity Questionnaire form. AR 578-80. Dr. Ilano opined that Plaintiff had limitations precluding performance of the following mental abilities for 5% of an 8-hour workday: remembering locations and work-like procedures; understanding and remembering very short and simple instructions; understanding and remembering detailed instructions; carrying out very short and simple instructions; making simple work-related decisions; asking simple questions or requesting assistance; getting along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintaining socially appropriate behavior, and adhering to basic standard of neatness and cleanliness. Plaintiff had limitations precluding the performance of the following mental activities for 10% of an 8-hour workday: carrying out detailed instructions; maintaining attention and concentration for extended periods of time; sustaining an ordinary routine without special supervision; interacting appropriately with the general public; being aware of normal hazards and taking appropriate precautions; and setting realistic goals or making plans independently of others. Plaintiff additionally had limitations precluding the performance of the following mental activities for 15% or more of an 8-hour workday: performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances; working in coordination with or in proximity to others without being distracted by them; completing a normal workday and workweek without interruption from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods; accepting instructions and responding appropriately to critics from supervisors; responding appropriately to changes in the work setting; and traveling in unfamiliar places or using public transportation. AR 578-79. Dr. Ilano estimated that Plaintiff would likely be absent from work 5 days or more per month and would likely be unable to complete an 8-hour workday, 5 days or more per month. AR 580.

Dr. Ilano's opinion was contradicted by the opinions of Drs. Michael D'Adamo and Pamela Hawkins, the state agency psychological consultants, who opined that Plaintiff had only moderate

limitations in her mental functioning. AR 78-79, 94-96. Dr. Ilano's opinion also was contradicted by the opinions of the consultative examiners, Drs. Moss and Stafford, who similarly opined that Plaintiff had moderate limitations in her mental functioning. AR 421-22, 560-61. Accordingly, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence in the record to discount Dr. Ilano's opinion.

In evaluating Dr. Ilano's opinion, the ALJ reasoned as follows:

> [T]he undersigned gives little weight to the opinion of M. Daisy Ilano, MD, who opined the claimant has mild limitations in her ability to perform simple routine tasks but mild to extreme limitations in the other domains of mental functioning (Exhibit 13F). Dr. Ilano also opined that the claimant is not able to complete a normal workday and can be expected to miss at least five days of work per month (Exhibit 13F/4). The undersigned finds her opinion is too restrictive and not supported by her treatment notes or consistent with the medical evidence of record. Her treatment notes showed the claimant reported abnormal mood but her memory, thought content, speech, and thought process were normal, and her insight and judgment were fair (Exhibits 10F; 19F). Moreover, the claimant reported the ability to perform a wide range of activities of daily living to the consultative examiner (Exhibit 5F/4).

AR 27.

The Court finds that the ALJ provided specific and legitimate reasons supported by substantial evidence to discount Dr. Ilano's opinion. First, the ALJ assigned limited weight to Dr. Ilano's extreme limitations because they were not supported by her treatment notes. An ALJ may properly reject a doctor's opinion that is inconsistent with the doctor's own findings. *See Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995); *see also Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The ALJ need not accept an opinion of a physician—even a treating physician—if it is conclusionary and brief and is unsupported by clinical findings."). The ALJ found that Dr. Ilano's treatment notes showed Plaintiff reported abnormal mood but her memory, thought content, speech, and thought process were normal, and her insight and judgment were fair. AR 27. The ALJ's determination is supported by substantial evidence in Dr. Ilano's treatment records, which only identified findings of an abnormal mood, while her memory, thought content, speech, and thought process were normal, and her insight and judgment were fair. AR 545-555, 675-721.

Second, the ALJ found that Dr. Ilano's opinion was not consistent with Plaintiff's reported ability to perform a wide range of activities of daily living as expressed to the consultative examiner.

7

AR 27. "A conflict between a treating physician's opinion and a claimant's activity level is a specific and legitimate reason for rejecting the opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) citing *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir 2001). According to the record, Plaintiff reported to the consultative examiner that she could drive herself to appointments and on errands, could shop for groceries and other needed items, perform some light household chores, and take her son to school. AR 418. The ALJ reasonably determined that these activities conflicted with Dr. Ilano's extreme limitations, such as those related to performing activities within a schedule, maintaining regular attendance and being punctual, traveling in unfamiliar places, or being absent from work. AR 578-80.

Additionally, the ALJ afforded little weight to Dr. Ilano's opinion in favor of the opinions of the consultative examiners, Drs. Moss and Stafford, by assigning their opinions great weight. AR 27. An examining physician's opinion can constitute substantial evidence to reject a treating physician's opinion if the examining physician's opinion "rests on his own independent examination." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (when an examining physician provides "independent clinical findings that differ from the findings of the treating physician," such findings are "substantial evidence") (citations omitted); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (opinion of an examining physician may constitute substantial evidence to discount a treating physician's opinion).

Dr. Moss completed an independent evaluation on May 24, 2017, and made clinical findings regarding Plaintiff's mental impairments that were not as extreme as those of Dr. Ilano. On mental status examination, Dr. Moss found Plaintiff's thinking logical and goal-directed at a slowed pace. Although she needed questions repeated or simplified, her receptive language comprehension appeared intact, and her thought process was coherent and organized. She was tearful, depressed, and anxious, but alert and fully oriented with an average estimated level of intelligence. She also was able to perform a simple, three-step command. AR 419-20. Dr. Moss opined that Plaintiff was unimpaired in her ability to perform simple and repetitive tasks and had no limitations in her ability to perform detailed and complex tasks. AR 421. Dr. Moss further opined that Plaintiff had moderate limitations in the following areas: ability to accept instructions from supervisors, ability to interact with

coworkers and the public, ability to work on a consistent basis without special or additional instructions; ability to maintain regular attendance, ability to complete a normal workday/workweek without interruptions from her psychiatric conditions, and ability to deal with the stress encountered in the workplace.  AR 421-22.

Similarly, Dr. Stafford completed an independent evaluation approximately two years later, on August 17, 2019, and made clinical findings that were not as extreme as those of Dr. Ilano.  AR 556-61.  On examination, Dr. Stafford noted that Plaintiff's concentration, persistence, and pace were within normal limits.  She was cooperative and polite, and her thought process was grossly logical, organized, and coherent.  No impairments in receptive and expressive language were observed.  Her mood was dysthymic and her affect restricted.  Her memory revealed deficits, but she displayed fair insight and judgment.  AR 559-60.  Dr. Stafford opined that Plaintiff's ability to perform simple and repetitive tasks was unimpaired, but her ability to perform detailed and complex tasks was moderately impaired.  Her ability to accept instructions from supervisors was unimpaired.  She had moderate impairments in the following areas:  ability to interact with co-workers, supervisors, and the public, ability to perform work activities on a consistent basis without special or additional instructions, ability to maintain regular attendance, ability to complete a normal workday without interruptions from a psychiatric condition, and ability to deal with the usual stress encountered in the workplace.  AR 560-61.

The Court concludes that the opinions of the consultative examiners, which were based on their own independent examinations, constitute substantial evidence to reject Dr. Ilanno's opinion.

**B.  RFC Limitations**

Plaintiff next argues that the ALJ erred by failing to incorporate limitations identified by Drs. Moss and Stafford in the RFC despite affording their opinions great weight.  (Doc. 22 at pp. 10-11.)  In particular, Plaintiff faults the ALJ for failing to include moderate limitations in Plaintiff's ability to complete a normal workday/workweek without interruptions from her psychiatric condition in the RFC.  (*Id.* at p. 11.)

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). "[A]n RFC that fails to take into

9

account a claimant's limitations is defective." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

"Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020), citing *Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) (unpublished) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it.") and *Neufeld v. Berryhill*, 2018 WL 4739699, at *6, (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."); *see also Bain v. Astrue*, 319 F. App'x 543, 545-46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite specifically crediting these limitations in the opinion); *Flores v. Saul*, No. 1:18-cv-01523-SKO, 2020 WL 509098, at *5 (E.D. Cal. Jan. 31, 2020) (finding ALJ erred by assigning great weight to consultative psychologist's opinion, but failing to provide specific and legitimate reasons for rejecting significant portions of the opinion); *Wascovich v. Saul*, No. 2:18-cv-659-EFB, 2019 WL 4572084, at *3-*5 (E.D. Cal. Sept. 20, 2019) (finding ALJ erred by assigning substantial weight to consulting examiner's opinion that the plaintiff had a mild to moderate impairment in her capacity to maintain regular attendance, but failed to account for the limitation in the RFC).

Here, the ALJ assigned great weight to the opinions of Drs. Moss and Stafford, who opined that Plaintiff could perform simple and repetitive tasks and had moderate limitations in her ability to complete a normal workday/workweek without interruptions from her psychiatric conditions. AR 422, 560-61. As indicated by Plaintiff, the ALJ's RFC does not appear to expressly incorporate moderate limitations in Plaintiff's ability to complete a normal workday/workweek without interruptions from her psychiatric condition. The Commissioner suggests that the ALJ's RFC finding that Plaintiff could perform simple, unskilled work accounted for her moderate inability to complete a normal workday or workweek without interruption. (Doc. 26 at p. 9.) Without more, this argument is not persuasive.

Courts have rejected the argument that a limitation to simple tasks in the RFC adequately accounts for moderate limitations in the ability to complete a normal workday/workweek. *See*, *e.g.*, *Macias v. Saul*, No. 1:19-cv-01187-BAM, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and finding RFC limitation to "simple 1 or 2 step tasks" did not adequately account for moderate limitations on attendance and completing a workday). In this case, however, the RFC at issue included concrete restrictions beyond a limitation to simple, unskilled work, including limitations to simple instructions that could be learned in up to and including 30 days of on-the-job training, unskilled work, goal oriented work and not time sensitive strict production quota work, superficial and no direct interaction with the public, and only occasional work-related, non-personal, non-social interaction with coworkers and supervisors involving no more than a brief exchange of information or handoff of product. AR 25. Plaintiff cites no authority to suggest that these additional restrictions fail to account for Plaintiff's moderate mental limitations.

More importantly, the ALJ also assigned great weight to the opinions of the state agency physicians, Drs. D'Adamo and Hawkins, finding that they were generally consistent with the opinions of Drs. Moss and Stafford. AR 27. Drs. D'Adamo and Hawkins both opined that Plaintiff had moderate limitations in the ability to complete a normal workday and workweek without interruptions from psychological based symptoms, but explained that her mood and anxiety symptoms only "restrict her to tasks which complete easily and quickly" and "[i]n this context she can maintain pace and persistence *and complete a normal workday.*" AR 79, 95. These findings are consistent with and support the ALJ's RFC determination, which limited Plaintiff to simple, unskilled, goal-oriented work. The RFC therefore properly accounted for and incorporated the moderate limitations in the ability to complete a normal workday/workweek, which were also identified by Drs. Moss and Stafford. Accordingly, the Court finds that the ALJ did not err in the RFC determination. Further, the RFC findings need only be consistent with the relevant assessed limitations and not identical to an assessed opinion. *See Turner v. Comm'r*, 613 F.3d 1217, 1222-23 (9th Cir. 2010); *see also Ashlock v. Kijakazi*, No. 1:21-CV-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022) ("The RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant

evidence."); 20 C.F.R. § 416.945(a)(1) ("We will assess your residual functional capacity based on all of the relevant medical evidence in your case record.").

## **CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Elizabeth Salmeron.

IT IS SO ORDERED.

Dated:   **March 23, 2023**              /s/ *Barbara A. McAuliffe*   _
UNITED STATES MAGISTRATE JUDGE